IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ORIENTAL TRADING COMPANY, INC., a Delaware corporation, and FUN EXPRESS LLC, a Nebraska limited liability corporation,

        Plaintiffs,

v.

YAGOOZON, INC., a Rhode Island corporation,

        Defendant.

CASE NO. 8:13-cv-351

**STIPULATED PROTECTIVE ORDER**

       To protect the confidentiality of confidential information sought to be discovered in this action, Plaintiffs Oriental Trading Company, Inc. and Fun Express, LLC ("Plaintiffs") and Defendant Yagoozon, Inc. (collectively the "Parties" or individually a "Party"), through their undersigned counsel, jointly request that the Court enter this Stipulated Protective Order.  Upon Stipulation of the Parties (Filing No. 29), and the Court's acceptance of the same, IT IS ORDERED that the Stipulated Protective Order ("Protective Order") is granted and entered as follows:

       1.    The terms and conditions of this Protective Order shall govern the production and handling of documents and things (including Electronically Stored Information), answers to interrogatories, depositions, exhibits, pleadings and other information exchanged by the parties, in this action.  This Protective Order is made without prejudice to the Parties' rights to stipulate to other terms of confidentiality regarding Confidential Information as defined herein.

2.     The Parties anticipate that they will seek information that may be designated as containing confidential, proprietary, business, commercial, technical, scientific, financial, personnel, and/or trade secrets information that is not generally known and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business (hereinafter "Confidential Information").

3.     When used in this Protective Order, the word "documents" means all written, recorded, graphic, or Electronically Stored Information whatsoever including, but not limited to, documents produced by a producing Party to this action whether pursuant to Federal Rules of Civil Procedure 34, a subpoena, or by agreement.

4.     For purposes of this Protective Order, the term "Party" includes a Party's agents, attorneys, directors, employees, members, officers and partners.

5.     The protections afforded by this Protective Order shall in no way affect a Party's right to withhold Confidential Information as privileged under the Attorney-Client Privilege, any other applicable privilege, the Attorney Work-Product Doctrine, or as otherwise exempted from discovery pursuant to the laws of the United States or the State of Nebraska.

6.     A Party may designate Confidential Information as "CONFIDENTIAL" under this Protective Order if the designating party reasonably believes that such materials and information contain non-public, confidential, technical, proprietary, financial, secret or other commercially sensitive or otherwise private information.

7.     A Party may designate Confidential Information as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Protective Order if the designating party

reasonably believes that such materials and information contain such highly confidential or proprietary informations that their dissemination should be limited to those persons described in paragraph 11 below.

8. Any documents produced or Confidential Information provided by a Party, pursuant to or in response to any discovery request or by agreement, may be designated by the responding party as Confidential Information in the following manner:

    a) By imprinting the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the first page or cover of any document produced;

    b) By imprinting the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" next to or above any answer to any interrogatory or any other discovery request;

    c) With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and labeling them as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY;" and

    d) With respect to electronic information, by describing the information to the fullest extent possible and noting, in writing, that the described information is confidential. If such information is reproduced in paper form, such paper document may also be designated as "CONFIDENTIAL or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

9. All documents and information provided by a Party in response to a discovery request, or deposition testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be subject to the following restrictions:

    a) They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

    b) That all information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in whatever format shall be furnished only under the terms of this Protective Order and

       shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court upon motion.

c)    Confidential Information shall not be disclosed to anyone except those categories of persons provided herein under the terms of this Protective Order and to whom disclosure is necessary for the purposes associated with this lawsuit. Counsel of record, experts, consultants, and other persons or entities retained to assist a party in this lawsuit who have signed a Nondisclosure Agreement shall appropriately notify such persons that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

d)    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Party designating such information as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" or order of the Court.

e)    No access to Confidential Information shall be provided to any individual, required to sign a Nondisclosure Agreement until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "A", certifying that they have read this Protective Order and agree to be bound by its terms and such executed Nondisclosure Agreement has been provided to counsel for the disclosing party. Counsel for each disclosing Party shall maintain a file of such written agreements until this action is completed.

f)    Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

g)    All documents, information identified as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" including all copies, excerpts and summaries, must be retained in the custody of counsel or other persons authorized by this Protective Order during the pendency of this litigation.

h)    If information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" are included in any

4

pleading or other document to be filed with the Court, they shall be labeled "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" and filed under seal or otherwise submitted in accordance with the Court's rules. Any party claiming confidentiality with respect to the information or documents may file a motion to seal the records.

10. Confidential Information designated as "CONFIDENTIAL" shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

    a) The attorneys of record in this lawsuit, in-house counsel and persons employed by attorneys of record and in-house counsel's law department;

    b) The Parties and their three designated and identified employees, directors or officers of the parties, and their insurers;

    c) Outside experts and consultants who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c. of Paragraph 9;

    d) This Court, Court personnel, and stenographic reporters engaging in proceedings necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

    e) Any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the Parties agree to appear or are ordered to appear;

    f) Persons actually deposed or called to testify at any hearing or trial who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c of Paragraph 9;

    g) Third-party vendors retained by the Parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing discovery materials who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c of Paragraph 9; and

    h) Such other persons as the Court may specifically approve after notice and hearing who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c. of Paragraph 9.

11. Confidential Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

  a) The attorneys of record in this lawsuit, and persons employed by attorneys of record and in-house counsel;

  b) Outside experts and consultants who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c. of Paragraph 9;

  c) This Court, Court personnel, and stenographic reporters engaging in proceedings necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action provided that any such material shall be filed under seal;

  d) Persons actually deposed or called to testify at any hearing or trial who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c of Paragraph 9 and who have knowledge of the information. The parties agree that the non-producing party may be required to excuse herself or himself if in attendance at a deposition. In-house counsel may remain in attendance;

  e) Third-party vendors retained by the Parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing discovery materials who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c of Paragraph 9;

  f) Such other persons as the Court may specifically approve after notice and hearing who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph c. of Paragraph 9; and

  g) The Parties agree to work together as necessary (as well as with any third party as may be applicable) to agree on further disclosure of Confidential Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY;" provided however, that no disclosure shall be made to any other individuals in the absence of agreement by the producing party or an order from the Court. Nothing in this Protective Order shall prevent Counsel from advising their clients Counsels' impressions, recommendations, strategies, or opinions formed in part based on a review of material designated

6

"CONFIDENTIAL-ATTORNEYS' EYES ONLY," provided that Outside Counsel nor In-House Counsel may not communicate such information to clients.

12.     Acceptance by a Party of any information, document or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" hereunder shall not constitute a concession that the information, document or thing is confidential. If, subsequent to the acceptance of information or documents identified as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", a Party wishes this Court to rule upon the other Party's claim of confidentiality, that Party may move this Court for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the information or document shall be on the Party who made the claim of confidentiality. However, materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be treated as such pending resolution of the motion by the Court. It is, however, acknowledged by the Parties that, without limitation, the following information may be claimed as being "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY":

    a)    Information that is not normally available to the Parties without restriction;

    b)    Information that is not a part of the public domain; and

    c)    Information of a third party that is deemed confidential by the third party and which was made available to the disclosing Party pursuant to the terms of a confidential/restricted information agreement.

Provided that nothing herein shall preclude either Party from challenging in court the confidential status of any document.

13.     Transcripts of the depositions covered by this Protective Order shall be filed under seal in the manner described above.

14. Inadvertent failure to designate materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the time of production may be remedied by supplemental written notice given by the producing Party. Upon receipt of such notification, all Confidential Information so designated or re-designated shall be fully subject to this Protective Order as if it had been initially so designated; provided, however, that the receiving Party shall incur no liability for any prior treatment of such information in conformance with its original designation. The Party receiving such notice shall make a reasonable good faith effort to insure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.

15. The failure to designate information as Confidential Information in accordance with this Protective Order or the failure to object to a designation at or within a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenge the propriety thereof.

16. In the event that a Party shall desire to provide access to information or documents identified as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" hereunder to any person or category of persons not identified above, if the Parties cannot mutually agree to such disclosure, it shall move this Court for an order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

17. This Protective Order shall in no way affect or impair the right of any Party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at any hearing of any evidence, whether or not comprised of documents or information governed by this Protective Order.

18. If a non-party is called upon, by subpoena or otherwise, to provide or produce non-public documents, information, or things that the non-party reasonably and in good faith believes contains Confidential Information, the non-party may designate such documents, information, or things as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in the manner set forth in this Protective Order. Additionally, the same procedures outlined in this Protective Order shall apply to documents, information, or things designated as "CONFIDENTIAL" by any producing non-party. The producing non-party shall have the same rights and obligations as a Party with regard to such documents, information, or things. In addition, the Parties may designate documents produced by non-parties as "CONFIDENTIAL" within ten (10) days of being notified by the production.

19. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.

20. No inadvertent disclosure of any documents or information by either Party shall constitute a waiver of any privilege including the Attorney-Client Privilege or the protections of the Attorney Work-Product Doctrine. Parties reserve the right to challenge the assertion of the privilege on grounds other than disclosure during production. For all materials and documents, including but not limited to Electronically Stored Information, the Parties agree that: (i) upon notification or discovery of an

inadvertently produced document, the opposing Party should be notified; (ii) all copies of the inadvertently produced document should be returned to the producing Party; (iii) any copies of the inadvertently produced privileged document provided to third parties, contained in the discovery record, or filed with the Court should be returned to the producing Party or destroyed; and (iv) to the extent the receiving Party is challenging the assertion of privilege, the opposing party shall return the inadvertently produced record until the issue of privilege can be timely addressed by the Court.

21.  This Protective Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

DATED this 14th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
Lyle E. Strom. Senior Judge
United States District Court

Stipulated as to form and substance:

| | |
|---|---|
| ORIENTAL TRADING, INC. and FUN EXPRESS, INC., Plaintiffs | YAGOOZON, INC., Defendant |
| By:   /s/Jill Robb Ackerman<br>    Jill Robb Ackerman, (NE #17623)<br>    Krista M. Eckhoff (NE# 25346)<br>    BAIRD HOLM LLP<br>    1700 Farnam Street, Suite 1500<br>    Omaha, NE 68102-2068<br>    (402) 344-0500<br>    THEIR ATTORNEYS | By:   /s/ Sheila Bentzen<br>    Daniel E. Klaus, (NE #17889)<br>    Andrew S. Pollack (NE #19872)<br>    Sheila Bentzen, (NE #25020)<br>    REMBOLT LUDTKE LLP<br>    1201 Lincoln Mall, Suite 102<br>    Omaha, NE 68508<br>    (402) 475-5100<br>    ITS ATTORNEYS |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

ORIENTAL TRADING COMPANY, INC., a Delaware corporation, and FUN EXPRESS LLC, a Nebraska limited liability corporation,

      Plaintiffs,

v.

YAGOOZON, INC., a Rhode Island corporation,

      Defendant.

CASE NO. 8:13-cv-351

**STIPULATED PROTECTIVE ORDER**

I, _____, do hereby acknowledge that I have received and read the Stipulated Protective Order entered in the above entitled case. I understand the terms of that Stipulated Protective Order, and I agree to be bound by its terms and to be subject to the jurisdiction of this Court for enforcement of all terms of the Stipulated Protective Order and for judicial action for any violation of the Stipulated Protective Order.

DATED this \_\_\_\_ day of _____, 201\_\_.

_____

STATE OF _____ )
                                  ) ss.
COUNTY OF_____)

Subscribed and sworn to before me this \_\_\_ day of _____, 201\_\_.

_____
Notary Public

Exhibit A