IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ORIENTAL TRADING COMPANY, INC., a Delaware corporation, and FUN EXPRESS LLC, a Nebraska limited liability corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:13CV351 |
| v. | ) ) | |
| YAGOOZON, INC., a Rhode Island corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |
| _____ | ) | |

This matter is before the Court on the motion (Filing No. 36) of plaintiffs Oriental Trading Company ("OTC") and Fun Express L.L.C. ("FEL") to compel discovery from defendant Yagoozon Incorporated ("Yagoozon").  The matter has been fully briefed and after review of the filings and relevant case law, the Court finds as follows.

## I.   FACTS

The plaintiffs in this case allege numerous infringements of their copyrights and trademarks, unfair competition, false advertising, and deceptive trade practices (Filing No. 1, at 5-8, 13-27).  Plaintiffs allege that Yagoozon maintained an Amazon account where it sold its products with its trademarks.  Plaintiffs delivered requests for production

("RFPs") of documents upon Yagoozon on March 28, 2014 (Filing No. 38, at 1).  Yagoozon responded with a series of objections on May 7, 2014 (*Id.*).  On June 19, 2014, the plaintiffs sent a letter to Yagoozon outlining various problems with its responses (*Id.*). Yagoozon produced three of the plaintiffs' 26 requests on July 25, 2014 (*Id.*).  The plaintiffs and Yagoozon exchanged additional correspondence regarding RFP numbers 12, 13, 14, 15, 16, 18, 19, 20, 22, and 24 to no avail.

**II.  LAW**

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).

"The party resisting production bears the burden of establishing lack of relevancy or undue burden."  *Prism Techs., L.L.C. v. United States Cellular Corp.*, Case No. 8:12CV125, 2013 WL 6712665, at *1 (D. Neb. Dec. 18, 2013) (citing *Prism Tech., L.L.C. v. Adobe Sys. Inc.*, 284 F.R.D. 448, 449 (D. Neb. 2012)). The resisting party must "provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery."

-2-

Furthermore, "control is defined as the legal right, authority, or ability to obtain upon demand documents in the possession of another." *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 981, 982 (D. Minn. 2008)). The party is not required to have legal ownership or actual possession of documents, but documents are in a party's control "when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.*

## III. DISCUSSION

The parties have reached an unnecessary impasse. First, Yagoozon admits it possesses several documents which might satisfy the plaintiffs' requests, but Yagoozon has not produced those documents because the documents may be insufficient. *See e.g.*, Filing No. 40, at 10-14 (quoting and citing to various agreements between Amazon and Yagoozon which respond to the plaintiffs' RFPs). To the extent that Yagoozon admitted in its brief in opposition that it could respond to the plaintiffs' request, Yagoozon should produce those documents.

Second, Yagoozon argues it does not possess, hold custody over, or control numerous documents because of its business model with Amazon. Essentially, Yagoozon claims to have outsourced numerous aspects of ordinary business to Amazon's "Fulfillment by Amazon" program. Yagoozon argues Amazon handles

-3-

"receipt, sale, warehousing, and shipping of Yagoozon's products.
[]Amazon also handles all customer services associated with every
transaction."  Filing No. 40, at 14.  Yagoozon has not attempted
to request the plaintiffs' demanded documents from Amazon because
Yagoozon does not control the documents.  However, case law
supports the plaintiffs' position that Yagoozon has a legal duty
to obtain these documents from its very close business partner,
Amazon.  *See New Alliance Bean & Grain Co. v. Anderson
Commodities, Inc.*, 8:12CV197, 2013 WL 1869832, *3 (D. Neb. May 2,
2013) ("A party does not need to have legal ownership or actual
possession of documents, 'rather documents are considered to be
under a party's control when that party has the right, authority,
or practical ability to obtain the documents from a non-party to
the action'") (citing *In re Hallmark Capital Corp.*, 534 F. Supp.
2d 981, 982 (D. Minn. 2008)).  The mere presence of information
in Amazon's website does not mean that information belongs solely
to Amazon to the exclusion of Yagoozon, its close business
partner.  The Court finds that plaintiffs have met their burden
that Yagoozon has the practical ability to obtain the documents
at issue from Amazon, and, therefore, Yagoozon is under a legal
obligation to demand these documents from Amazon and to present
Amazon's response to the parties-in-suit.  If Yagoozon is unable
to acquire these documents from Amazon, the plaintiffs must be

-4-

made aware immediately so that they may pursue Amazon independently.

Third, Yagoozon objects to RFP 24.  RFP 24 asks Yagoozon to produce "any and all emails referencing or mentioning Oriental Trading or Fun Express."  Yagoozon objected that the RFP was overly broad.  Yagoozon emails containing the OTC or FEL would be highly probative to the plaintiffs' claims of trademark infringement, among others.  The request is not overly broad.  In addition, the Court finds that Yagoozon has failed in its burden to prove production of these emails would be overly burdensome.  According to Yagoozon's briefs, its operation is small and produces almost no correspondence with Amazon or its Amazon customers.  Therefore, the quantity of emails which may contain the plaintiffs' trademarks are likely low.

The Court will deny without prejudice plaintiffs' motion to the extent it requests sanctions, but the Court views unnecessary stalling of discovery with extreme disfavor and will not tolerate any further non-responsive arguments from Yagoozon.

The Court will also deny Yagoozon's request that the plaintiffs cover the cost of responding to their discovery requests.  Accordingly,

IT IS ORDERED:

1) The plaintiffs' motion (Filing No. 36) is granted in part and denied in part.

2) The Court accepts as waived plaintiffs' motion as to Request for Production No. 12.

3) The defendant will produce all documents currently in its possession and will demand that Amazon produce all documents to the plaintiffs in its possession, in response to Request for Production Nos. 13, 14, 15, 16, 18, 19, 20, and 22.

4) The defendant will produce all documents currently in its possession in response to Request for Production No. 24.

5) The plaintiffs' request for sanctions is denied without prejudice.

6) The defendant's request that the plaintiffs pay for its discovery expenses (Filing No. 40) is denied.

DATED this 1st day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court