IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ORIENTAL TRADING COMPANY, INC., a Delaware corporation, and FUN EXPRESS LLC, a Nebraska limited liability corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:13CV351 |
| v. | ) ) | |
| YAGOOZON, INC., a Rhode Island corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the defendant, Yagoozon, Inc.'s ("defendant") motion to enforce settlement (Filing No. 123) filed on January 19, 2016. The defendant submitted a brief in support of the motion (Filing No. 124) as well as an index of evidence in support (Filing No. 125). The plaintiffs, Oriental Trading Company, Inc., and Fun Express, LLC ("plaintiffs") filed a brief in opposition to the motion (Filing No. 126) and an index of evidence in opposition (Filing No. 127). The defendant filed its reply brief on February 16, 2016 (Filing No. 129). The Court held a hearing on March 8, 2016, at which time the parties offered evidence and testimony, and made their arguments to the Court. After review of the motion, the parties'

briefs and oral arguments, and the applicable law, the Court finds as follows.

**BACKGROUND**

Plaintiffs brought suit alleging numerous copyright and trademark infringements. *See* Filing No. 35. Plaintiffs' complaint also alleges violations of unfair competition under the Lanham Act and two related Nebraska state-law claims. *See id.* Discovery led to the plaintiffs filing three different motions for partial summary judgment (Filing Nos. 64, 103, and 106) and a *Daubert* motion to exclude defendant's expert report and related testimony (Filing No. 90). Following these motions, the parties sought to extend the progression order because "[t]he parties ha[d] . . . entered into serious settlement discussions . . . [and were] preparing settlement papers and . . . finalizing the terms of a likely settlement." (Filing No. 121 at 1). The current motion arises out of the parties' settlement discussions during a telephone conference on January 6, 2016.

On January 5, 2016, plaintiffs' counsel sent defendant's counsel a settlement proposal (Filing No. 125-1 at 4-5). The proposal indicated "[p]laintiffs are willing to compromise their claims, including their claims for attorneys' fees, for an amount of $750,000.00." (*Id.* at 4). The settlement

offer also included an alternative.  *See id.*  The alternative provided that "[p]laintiffs [would] forego all of their claims . . . in exchange for an agreement that Yagoozon [would] refrain from using or displaying . . . [p]laintiffs' photographs or trademarks in the future."  (*Id.* at 5).  This alternative also required "a liquidated damages amount of $200,000" if defendant violated the agreement.  (*Id.*)  However, plaintiffs would "provide notice to Yagoozon and Yagoozon [would] have five business days to stop its use or display" before the liquidated damages provision would be triggered.  (*Id.*)  The settlement proposal gave a deadline of "Wednesday January 6, 2016 by 5:00 p.m. CST."  (*Id.*)

Although both parties agree a telephone conversation regarding the settlement offer took place between plaintiffs' and defendant's counsel on the morning of January 6, 2016, the parties dispute what was said and determined.  Following the receipt of an email dated January 14, 2016, from plaintiffs' counsel withdrawing the January 5, 2016, settlement offer, defendant filed the instant motion.  *See* Filing No. 124 at 3.  Defendant claims "[p]laintiffs and [d]efendant reached agreement on all material terms of a settlement to resolve all outstanding issues in the case" and now asks the Court to "enforce the

voluntary and valid settlement agreement entered into by the parties." (*Id.* at 1, 6).

**LAW**

Under Nebraska law, "[s]ettlement agreements are governed by basic principles of contract law." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996)(quoting *Sheng v. Starkey Labs., Inc.*, 53 F.3d 192, 194 (8th Cir. 1995)). "To have a settlement agreement, there must be a definite offer and an unconditional acceptance." *Strategic Staff Mgmt., Inc. v. Roseland*, 619 N.W.2d 230, 234 (Neb. 2000). "An enforceable settlement requires the parties to reach agreement on the essential terms of the deal." *Sheng v. Starkey Labs., Inc.*, 117 F.3d 1081, 1083 (8th Cir. 1997). Settlement agreements that are accepted orally are enforceable. *See Enterprise Rent-A-Car Co. v. Rent-A-Wreck of America, Inc.*, 181 F.3d 906, 910 (8th Cir. 1999)(affirming the district court's order enforcing a settlement agreement that found "the offer was orally accepted . . . .").

**DISCUSSION**

The Court has jurisdiction over plaintiffs' claims under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Whether the Court exercises jurisdiction based on a federal question or on

diversity of citizenship, Nebraska law governs.[1] *See Cole v. Wells Fargo Bank, N.A.*, 437 F. Supp. 2d 974, 981 n.5 (S.D. Iowa 2006)("Although our circuit has not directly ruled on the issue, . . . other circuits have uniformly decided that if subject matter jurisdiction rests on 28 U.S.C. § 1331, a district court should apply the forum state's choice of law rules . . . .").[2]

Defendant claims "[d]efendant's counsel obtained the authority . . . to accept [o]ffer [t]wo." (Filing No. 124 at 2) (internal citation omitted). He further alleges that "[o]n the morning of January 6, 2016, [d]efendant's counsel called [p]laintiffs' counsel to accept [o]ffer [t]wo . . . and agreed to every terms [sic] and condition proposed . . . that related to [o]ffer [t]wo." (*Id.*) The parties dispute the language defense counsel used during the little over four-minute conversation. *Compare* Filing No. 127-1 at 1-2 *with* Filing No. 125-1 at 2. During the brief conversation, the attorneys also discussed upcoming dates and deadlines and placed a call to the Court to seek a continuance (Filing Nos. 124 at 2-3, 126 at 2, 121, and

---

[1] The parties agree that settlement agreements can be reached orally under the law applicable to the instant motion.

[2] Neither party disputes that Nebraska's choice of law rules lead to the conclusion that Nebraska law governs defendant's motion. *See* Filing No. 124 at 3 ("Under Nebraska law . . . .") *and* Filing No. 126 at 5 ("the alleged agreement cannot be enforced because it does not comport with Nebraska law.").

-5-

122). The Court advised the parties to file a motion (Filing No. 126 at 2). The parties filed a joint stipulation seeking to continue upcoming dates and deadlines. *See* Filing No. 121. The parties' stipulation stated: "[t]he parties have, in the last two days, entered into serious settlement discussions. They are preparing settlement papers and are finalizing the terms of a likely settlement." (*Id.*)

Following the telephone conversation between the parties and with the Court, no additional communication concerning settlement occurred until January 14, 2016. *See* Filing No. 124 at 3. On January 14, 2016, plaintiffs' attorney sent an email with the subject "Withdrawal of Settlement Offer in Oriental Trading v. Yagoozon." (*Id.*) (internal citation omitted). Defendant's counsel responded noting his confusion as to the withdrawal of "an offer that was already accepted." (*Id.*) Defendant alleges the parties' telephone conversation as well as the parties' subsequent conduct, including the notification to the Court regarding the settlement discussions and the period of silence after the conversation until plaintiffs' attorney's subsequent withdrawal, provide adequate evidence that a settlement agreement was reached and is enforceable.

Plaintiffs argue the Court ought to deny the defendant's motion because "Nebraska's local rules require any

agreement between parties to be in writing and signed by the parties or, alternatively, to be made orally on the record . . . [and contend] the basics of a contract have not been met because Yagoozon did not unconditionally accept [the] offer." (Filing No. 126 at 1). Finally, plaintiffs contend "there is not even an oral agreement covering the fundamental terms of an agreement." (*Id.* at 7)(internal citation omitted).

After careful review of the record and thorough consideration of the parties' arguments, the Court finds that defendant's motion should be denied. The record fails to conclusively show an unconditional acceptance occurred through words or the parties' conduct, or a combination thereof. Because the Court finds no unconditional acceptance, the Court need not discuss whether all material terms were agreed upon. Defendant has failed to satisfy its burden to show an unconditional acceptance. Accordingly,

IT IS ORDERED:

1) Defendant's motion to enforce settlement is denied.

2) On or before March 31, 2016, the parties shall submit a joint proposal for progression of the case for purposes of discovery and trial.

DATED this 10th day of March, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court