IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ORIENTAL TRADING COMPANY, INC., a Delaware corporation, and FUN EXPRESS LLC, a Nebraska limited liability corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:13CV351 |
| v. | ) ) | |
| YAGOOZON, INC., a Rhode Island corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on plaintiffs' Oriental Trading Company, Inc. and Fun Express, LLC ("plaintiffs"), three separate motions for partial summary judgment. *See* Filing No. 64, Filing No. 103 and Filing No. 106. The first of plaintiffs' motions requests the Court conclude as a matter of law that the defendant, Yagoozon, Inc. ("defendant" or "Yagoozon") is liable for copyright infringement, trademark infringement, unfair competition, and violations of two Nebraska state laws pertaining to seventeen items ("Set One"). *See* Filing No. 65. Plaintiffs' second motion seeks partial summary judgment as to each of defendant's affirmative defenses. *See* Filing No. 104. Finally, plaintiffs ask the Court to grant summary judgment and find defendant liable for copyright infringement, trademark

infringement, unfair competition, and violations of two Nebraska state laws pertaining to thirty-seven additional items ("Set Two"). The matters have been fully briefed by the parties. *See* Filing Nos. 65, 75, 81, 104, 116, 107, 118, and 139. After review of the motions, the parties' briefs, and the relevant law the Court finds as follows.

**BACKGROUND**

This case arises out of defendant's business activities. Defendant utilizes Amazon.com, Inc. ("Amazon") to advertise and sell various toys, party supplies, and other novelty products (Filing No. 35 at 3). On August 29, 2014, plaintiffs filed a second amended complaint

> seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101 to 1332; for trademark infringement and unfair competition under § 32(a) of the Lanham Act, 15 U.S.C. § 1114; for unfair competition and false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for deceptive trade practices under Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 to 87-306 (Reissue 2008); and for violations of the Nebraska's Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 to 59-1603 (Reissue 2008).

(*Id.* at 1-2).

On September 15, 2015, plaintiffs filed their first motion for partial summary judgment (Filing No. 64). Plaintiffs asked the Court "find that [d]efendant . . . infringed [p]laintiffs' copyrights and trademarks, and engaged in unfair competition and deceptive trade practices with regard to [the] . . . 'Set 1 Items.'" (*Id.* at 2). On November 12, 2015, plaintiffs filed a *Daubert* motion (Filing No. 90). Plaintiffs filed a second motion for partial summary judgment on December 2, 2015 (Filing No. 103). The second motion for partial summary judgment asked the Court to conclude that defendant's "affirmative defenses fail as a matter of law." (Filing No. 103 at 1).

The same day, plaintiffs also filed a third motion for partial summary judgment (Filing No. 106). Plaintiffs' third motion asks the Court to find that defendant's actions "constitute copyright infringement, trademark infringement, unfair competition, and violations of Nebraska's laws prohibiting deceptive trade practices and consumer fraud" as to thirty-seven additional products ("Set Two"). (*Id.* at 1).

Before the plaintiffs filed their reply brief in support of the motion for partial summary judgment for Set 2, the parties entered into serious settlement negotiations and filed an unopposed motion to extend the progression order. *See* Filing No.

121).  The defendant subsequently filed a motion to enforce settlement (Filing No. 123).  After defendant's motion to enforce settlement was fully briefed, the Court held a hearing (Filing No. 130).  The parties then filed a joint motion to stay existing deadlines pending resolution of defendant's motion to enforce settlement (Filing No. 131).  The Court denied defendant's motion to enforce settlement and ordered the parties submit a joint proposal for progression of the case on or before March 31, 2016 (Filing No. 136 at 8).  On April 5, 2016, the Court granted the joint motion (Filing No. 137) to extend the progression order and gave plaintiffs until April 6, 2016 to file their reply brief in support of their motion for partial summary judgment for the Set 2 Items (Filing No. 138).  The briefing for all plaintiffs' motions for partial summary judgment is now complete.  *See* Filing No. 139.

**LAW**

Summary judgment is only proper when the Court determines the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a),(c); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).  The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party

the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). At the summary judgment stage, it is not the function of the Court to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**DISCUSSION**

**I. Summary Judgment as to Sets One and Two**

The Court finds genuine issues of material fact exist. For reasons discussed more fully below, the Court finds that plaintiffs have failed to meet the stringent summary judgment standard as to all causes of action for both Set One and Set Two. Therefore, plaintiffs' motions for partial summary judgment as to Set One and Set Two will be denied.

**A. Direct Copyright Infringement**

The Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Act"), provides copyright owners protection from infringement and relief if infringement is proved. *See* 17 U.S.C. §§ 101 *et seq.* Anyone who violates one of the exclusive rights listed in the Act is an infringer. *Broadcast Music, Inc. v. Ottis, Inc.*, No. 8:09CV402, 2010 WL 5288106, at *3 (D. Neb. Dec. 16, 2010) (internal citations omitted). For a plaintiff to prove

copyright infringement two elements must be shown: "(1) ownership of a valid copyright and (2) copying of original elements of the copyrighted work." *Warner Bros. Entertainment, Inc. v. X One X Productions*, 644 F.3d 584, 595 (8th Cir. 2011) (internal citation omitted); *see also Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1042 (8th Cir. 2003). The second element of copyright infringement may "be shown either by (1) direct evidence of copying, or (2) access to copyrighted material and substantial similarity" between the works. *Warner Bros.*, 644 F.3d at 595 (internal citation omitted).

Plaintiffs fail to meet the summary judgment standard for direct copyright infringement. Although the first element is uncontested, the Court is unconvinced that plaintiffs have shown as a matter of law that the second element has been satisfied. The parties dispute whether Yagoozon, Amazon, or another third-party seller is responsible for the displaying of the copyrighted photographs. Plaintiffs allege "two of Yagoozon's decisions demonstrate" defendant's direct copyright infringement: (1) defendant's selection of the Amazon product detail pages on which to sell its products; and (2) defendant's "continued displaying [of] the product detail pages whenever it sold inventory." (Filing No. 81 at 9). The evidence before the Court however, shows that genuine issues of material fact exist as to whether

-6-

defendant created the product detail pages at issue, edited the pages, and/or is ultimately responsible for the displaying of plaintiffs' copyrighted photographs.  An overview of information from Amazon's website pertaining to the setting up and maintenance of product detail pages provides guidance in the Court's analysis.

The parties have submitted conflicting affidavits concerning how a product is listed on Amazon and how a product detail page can be edited and by whom.  *Compare* Filing Nos. 66, 82, 108, 140 *with* Filing Nos. 74, 117.  However, according to Amazon's own documents, in order to create a product detail page, the seller/creator must be advertising a product that is not already available on Amazon.  *See* Filing No. 74-3 at 13 (stating "[y]ou can create product detail pages for products not available in the Amazon.com catalog . . . .").  Amazon's website further explains:  "[t]he Add a Product tool lets you create new product detail pages on Amazon.com.  Detail pages become a permanent part of the Amazon catalog, and you -- *along with other sellers* -- can create listings for these products . . . ."  (*Id.* at 7) (emphasis added).  Plaintiffs have not submitted any evidence allowing the Court to conclude as a matter of law that defendant created the product detail pages at issue.  The Court therefore finds that a genuine issue of material fact exists as to whether defendant is

the creator of the product detail pages that ultimately displayed plaintiffs' copyrighted photographs.

In addition, Amazon allows its product detail pages to be edited after their creation. Amazon's website indicates: "[t]he product page you see . . . may reflect details you provide *as well as those of others* who contribute to that product's information." (*Id.* at 9) (emphasis added). Amazon's representative testified in his deposition that an algorithm determines which of all the sellers of a particular product has control over the product detail page when multiple sellers request edits. *See* Filing No. 117-12 at 6. The Court is also unable to conclude as a matter of law that plaintiffs have satisfied Rule 56's standard to show that defendant is responsible for plaintiffs' copyrighted photographs being copied and displayed on the product detail pages at issue. Therefore, plaintiffs' motions for summary judgment as to direct copyright infringement will be denied as to both Set One and Set Two.

**B. Contributory Copyright Infringement**

In addition to liability for direct copyright infringement, liability can also be found for indirect infringement. *See e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*,

*Inc.*, 443 F.2d 1159, 1161-62 (2d Cir. 1971). "One infringes contributorily by intentionally inducing or encouraging direct infringement." *Grokster*, 545 U.S. at 930 (internal citations omitted).[1]

Plaintiffs argue "if Amazon is to blame for copyright . . . infringement, then Yagoozon is liable as a contributory infringer." (Filing No. 81 at 7). The evidence before the Court demonstrates the existence of genuine issues of material fact whether defendant intentionally induced or encouraged either Amazon or any other third-party seller to directly infringe plaintiffs' copyrighted photographs. Plaintiffs' motions for summary judgement as to contributory copyright infringement will be denied as to both Set One and Set Two.

---

[1] Plaintiffs allege contributory infringement. *See* Filing Nos. 35 at 20-22, 65 at 33-40, 107 at 42-49. The United States Supreme Court stated in *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) that "the lines between direct infringement, contributory infringement, and vicarious liability are not clearly drawn . . . ." *Sony*, 464 U.S. at 435, n.17 (internal quotations omitted). However, because the plaintiffs' complaint and briefs allege only direct and contributory infringement, the Court's analysis will not consider vicarious infringement, its legal standard, or whether plaintiffs have established vicarious infringement as a matter of law.

## C. Direct Trademark Infringement

Trademarks are governed by the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and protect against "false advertising and unfair competition." *United Industries, Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-68, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992) (quoting 15 U.S.C. § 1127)). To prove trademark infringement an owner of a trademark must "prove that [he] has ownership or rights in the trademark and that *the defendant* has used the mark in connection with goods or services in a manner likely to cause consumer confusion as to the source or sponsorship of the goods or services." *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1009 (8th Cir. 2011) (emphasis added) (internal citations omitted). Courts utilize six factors to determine whether a likelihood of confusion exists. *See Cmty. of Christ Copyright Corp.*, 634 F.3d at 1009. Those six factors are: (1) the strength of the trademark owner's mark; (2) the similarity between the trademark owner's mark and the alleged infringing mark; (3) the degree to which the allegedly infringing products compete with the trademark owner's products; (4) the alleged infringer's intent to confuse the public; (5) the degree of care reasonably expected of potential customers; and (6) evidence of

actual confusion.  *Id.*  No single factor is outcome determinative and "the inquiry is inherently case-specific."  *Id.*

It is uncontested that plaintiffs own the "Fun Express" and "Oriental Trading" marks.  Both marks are federally registered (Filing No. 66-1 at 2-3).  The "OTC" mark however, is not federally registered (Filing No. 65 at 41).  Plaintiffs ask the Court to "determine the validity of [the OTC] mark" by deciding if the OTC mark is "generic, descriptive, suggestive, or arbitrary."  (Filing No. 107 at 53).  The Court finds the determination of whether plaintiffs have ownership rights in the OTC mark to be unnecessary for purposes of the present motions.  The Court will assume that the first element of direct trademark infringement is satisfied as to both federally registered marks and the OTC mark.

Even though the first element of direct trademark infringement is met as to the federally registered marks and assumed as to the "OTC" mark, the Court will deny plaintiffs' motion for partial summary judgment as to plaintiffs' direct trademark infringement claims.  Defendant argues "[t]he same genuine issues of material fact [preventing summary judgment as to plaintiffs' copyright claims] preclude summary judgment on [p]laintiffs' trademark claims."  (Filing No. 75 at 31).  The Court agrees.  The evidence presented and previously discussed

shows that genuine issues of material fact exist precluding summary judgment. Plaintiffs' motions for partial summary judgment as to direct trademark infringement claims will be denied.

**D. Contributory Trademark Infringement**

"Just as liability for copyright infringement can exist beyond those who actually manufacture or sell infringing materials, our law recognizes liability for conduct that assists others in direct trademark infringement." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996). To prove contributory trademark infringement a plaintiff must show that the defendant "(1) intentionally induce[d] another to infringe on a trademark or (2) continue[d] to supply a product knowing that the recipient [wa]s using the product to engage in trademark infringement." *Fonovisa*, 76 F.3d at 264 (citing *Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844, 854-55, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982)).[2]

---

[2] As with plaintiffs' copyright claims, the complaint and briefs allege only direct and contributory trademark infringement. *See* Filing Nos. 35 at 23-27, 65 at 50-51, and 107 at 55-56. Plaintiffs do not allege vicarious trademark infringement. The Court will therefore forego any analysis of vicarious trademark infringement. However, the Court notes that "'[c]ontributory trademark infringement liability is more narrowly circumscribed than contributory copyright infringement.'"

Plaintiffs contend "[t]hroughout this litigation, Yagoozon has attempted to avoid liability for trademark infringement by arguing that Amazon is responsible . . . . Yagoozon's argument fails because it chose to use the product detail pages at issue . . . and sold competitor products under [plaintiffs'] marks." (Filing No. 65 at 44) (emphasis in original). The evidence before the Court shows the existence of genuine issues of material fact as to whether defendant intentionally induced Amazon or any other third-party seller to infringe plaintiffs' trademarks. The evidence also shows genuine issues of material fact exist as to whether defendant continued to supply products knowing that the recipient was using the product to engage in trademark infringement. Plaintiffs' motions for partial summary judgment as to defendant's contributory trademark infringement of Set One and Set Two will be denied.

**E. Unfair Competition and State Law Claims**

"'Trademark infringement is but a part of the broader law of unfair competition, and facts supporting a suit for infringement and one for unfair competition are substantially identical.'" *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp.

---

*Coach, Inc. v. Sapatis*, 994 F. Supp. 2d 192, 202 (D.N.H. 2014) (quoting *Fonovisa*, 76 F.3d at 264 (citing *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1149 (7th Cir. 1992))).

2d 970, 977 (D. Neb. 2008) (quoting *Heaton Distrib. Co. v. Union Tank Car Co.*, 387 F.2d 477, 483 (8th Cir. 1967)). "Likelihood of confusion is the hallmark of any mark infringement claim, and is necessary to prevail on claims for mark infringement under § 1114(1) and unfair competition under § 1125(a)." *Kuper Industries, LLC v. Reid*, 89 F. Supp. 3d 1005, 1010 (D. Neb. 2015) (citing *Min. Min. & Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1308 (8th Cir. 1997); *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 n.5 (3d Cir. 2000)).

Under the Nebraska Uniform Deceptive Trade Practices Act ("NUDTPA"), Neb. Rev. Stat. § 87-302, "a person engages in a deceptive trade practice when, in the course of business, he causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, or causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with another." *Peter Kiewit Sons', Inc. v. Wall Street Equity Group, Inc.*, No. 8:10CV365, 2014 WL 4843674, at *8 (D. Neb. Sept. 29, 2014) (citing Neb. Rev. Stat. § 87-302; *Prime Home Care, LLC v. Pathways to Compassion, LLC*, 809 N.W.2d 751, 764 (Neb. 2012); *Stenberg v. Consumer's Choice Foods, Inc.*, 755 N.W.2d 583, 591-92 (Neb. 2008); *Reinbrecht v. Walgreen Co.*, 742 N.W.2d 243, 247

(Neb. Ct. App. 2007)).  To demonstrate a violation of the NUDTPA, a plaintiff must show "that a likelihood of confusion exists . . . ."  *Lovely Skin, Inc. v. Ishtar Skin Care Products, LLC*, 745 F.3d 877, 887 (8th Cir. 2014).  This likelihood of confusion standard is the same as for claims of trademark infringement.  *See Lovely Skin*, 745 F.3d at 887.

The Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1602 makes "[u]nfair methods of competition and unfair deceptive acts or practices in the conduct of any trade or commerce" unlawful.  Neb. Rev. Stat. § 59-1602.  To prove a violation of the NCPA a plaintiff must show that the defendant (1) "engaged in an act or practice that constitutes an unfair method of competition or a deceptive trade practice in the conduct of any trade or commerce"; (2) that the defendant's "conduct affected the public interest"; (3) that the plaintiff "was injured in its business or property by [the defendant's] unfair method of competition or deceptive trade practice"; and (4) that plaintiff suffered damages.  *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1042 (8th Cir. 2011) (internal quotations omitted).

Because the Court will deny plaintiffs' motions pertaining to direct and contributory trademark infringement, the Court will likewise deny plaintiffs' motion as to the unfair

competition and Nebraska state law claims.  The Court finds the same reasoning applicable.

**II. Summary Judgment as to Defendant's Affirmative Defenses**

Defendant's answer to plaintiffs' complaint put forth eleven affirmative defenses (Filing No. 43 at 13-14).  Plaintiffs sought partial summary judgment with respect to each of those affirmative defenses (Filing No. 103).  Defendant's brief in response advises the Court of defendant's "intent and voluntary agreement to withdraw [the] affirmative defenses at issue." (Filing No. 116).  Accordingly, plaintiffs' motion for summary judgment as to defendant's affirmative defenses will be granted.  Accordingly,

1) Plaintiffs' partial motion for summary judgment as to Set One is denied.

2) Plaintiffs' partial motion for summary judgment as to Set Two is denied.

3) Plaintiffs' partial motion for summary judgment as to defendant's affirmative defenses is granted.

DATED this 16th day of May, 2016.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court